# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHEN L. GRANT,

                       Plaintiff,

v.                                         Case No. 17-CV-1084-JPS

RICHARD HEIDORN, DR. PAUL
SUMNICHT, and MARY SAUVEY,          **ORDER**

                       Defendants.

Plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). Along with his complaint, Plaintiff filed a motion requesting that the Court order half of the $400.00 filing fee in this case be paid from his prison trust account and half from his prison release account. (Docket #2). The Court must deny the motion.

The Court may not order a $200.00 disbursement from Plaintiff's prison release account to be paid toward the filing fee in this matter. The most the Court can do is direct that the initial partial filing fee ("IPFF"), assessed pursuant to 28 U.S.C. § 1915(b)(1) as part of a prisoner's application to proceed *in forma pauperis*, be paid from the prisoner's release account. *See Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "the federal Prison Litigation Reform Act [("PLRA")]. . .authorize[s] the courts to order that. . .a prisoner's release account be made available [to pay an IPFF]"). The Court lacks the authority—statutory or otherwise—to allow a prisoner to tap into his

release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to the prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs.

For the reasons stated above, the Court is obliged to deny Plaintiff's request to pay half of the filing fee from his release account. Within **twenty-one (21) days** of the date of this Order, he must either pay the full

2

filing fee from his trust account or he must file an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. If he does the latter, the Court will assess an IPFF, and Plaintiff may request that the IPFF be debited from his release account.

Failure to either pay the full filing fee or file a motion for leave to proceed *in forma pauperis* within the specified time will result in dismissal of this action for failure to prosecute. *See* Civ. L. R. 41(c).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his trust account and release account to pay the filing fee in this matter (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that, no later than **September 5, 2017**, Plaintiff shall either pay the entire $400.00 filing fee in this action from his prison trust account or file a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge